In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant, and EDWIN C. BROWN, Respondent.— Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Respondent Edwin C. Brown notified MVAIC on March 24, 1960 that he was making claim for alleged damages arising from an accident on August 27, 1959, with an uninsured motorist. Following receipt of formal proofs of loss, MVAIC rejected the claim by a letter entitled "Delayed Notice No. 407." Claimant (respondent) thereupon served a notice of arbitration pursuant to the indorsement provision that: "If any person making claim hereunder and MVAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, * * * the matter or matters * * * [in dispute] shall be settled by arbitration". Thereupon, MVAIC moved to stay arbitration and to vacate the demand, contending that notice had not been filed within the period prescribed by the policy. The policy provides that "Within 90 days or as soon as practicable the insured or other person making claim shall give to MVAIC written notice

of claim under this endorsement." In opposition to the motion, claimant (respondent) and his attorney submitted affidavits and attached thereto copies of various communications with the Bureau of Motor Vehicles relating to the issue of insurance coverage for the automobile involved in the accident. From these exhibits it is clear that the first letter to the Bureau of Motor Vehicles was dated December 24, 1959. On March 24, 1960, the bureau notified claimant that there was no policy insuring the alleged negligent owner of the vehicle involved. In our opinion, the question of timely notice is not within the purview of the arbitration clause and cannot be submitted to the arbitrators (cf. *Matter of Stroud* [*Motor Vehicle Acc. Ind. Corp.*], 13 A D 2d 757, affg. 26 Misc 2d 960; *Matter of Phoenix Assur. Co. of N. Y.* [*Digamus*], 9 A D 2d 998). The provision for notice in the subject policy may be interpreted to provide only that a notice of claim must be filed within a reasonable time (cf. *Vanderbilt* v. *Indemnity Ins. Co. of No. America,* 265 App. Div. 495; *Lauritano* v. *American Fid. Fire Ins. Co.,* 3 A D 2d 564, affd. 4 N Y 2d 1028; *Matter of Stroud* [*Motor Vehicle Acc. Ind. Corp.*], *supra*). The coverage afforded by this required indorsement is not operative unless the damages flow from an accident caused by an *uninsured* vehicle. "Notice can hardly be given until there is knowledge of the facts upon which notice can be predicated" (*Lauritano* v. *American Fid. Fire Ins. Co.,* 3 A D 2d 564, 569, affd. 4 N Y 2d 1028, *supra*). Whether or not notice has been given within a reasonable time, necessarily includes a determination of the diligence of claimant, and is basically a factual issue (*Matter of Stroud* [*Motor Vehicle Acc. Ind. Corp.*], *supra*; cf. *Rushing* v. *Commercial Cas. Ins. Co.,* 251 N. Y. 302; *Lauritano* v. *American Fid. Fire Ins. Co.,* 3 A D 2d 564, *supra*). All of the facts relied upon to establish compliance with the policy provisions are within claimant's (respondent's) exclusive knowledge. In our opinion a hearing is required to determine the factual issue here presented. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.