■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE ALLEN DEUTSCH, Appellant. — Order, entered on January 2, 1964, denying an application for a writ of error *coram nobis,* unanimously modified, on the law, so as to dismiss the proceeding. There is no warrant for a proceeding of this character. Moreover, so long as the defendant does not submit himself to the jurisdiction he is not entitled to seek relief from the court (*People* v. *Genet,* 29 N. Y. 80; see *People* v. *Del Rio,* 14 N Y 2d 165, 169; cf. *Allen* v. *Georgia,* 166 U. S. 138). Concur — Botein, P. J., Breitel, Rabin, McNally and Steuer, JJ.

■ In the Matter of the Arbitration between MILTON B. SEASONWEIN et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Orders, entered January 27, 1965, in a proceeding to stay arbitration, granting claimants' motion for an examination before trial of respondent MVAIC, pursuant to CPLR 408 and 3101, on the issue of the timeliness of their notices of claim and denying respondent's motion for a protective order are unanimously reversed, on the law and on the facts, and in the exercise of discretion, with $30 costs and disbursements to appellant, the motion for an examination before trial denied, and the motion for a protective order pursuant to CPLR 3103 granted. The only issue to be tried is whether claimants gave notice of their claims "within 90 days or as soon as practicable" after the accident, as is required by their policy endorsement. This issue turns solely on claimants' diligence and therefore on facts within their knowledge (*Matter of MVAIC [Brown],* 15 A D 2d 578, 579). Thus the internal procedures of respondent in processing claims and its diligence in handling, investigating, and accepting or rejecting claims are irrelevant. Claimants allege the existence of a general practice followed by respondent to accept late claims if claimant has within 90 days requested from the Department of Motor Vehicles a certificate as to the responsible person's insurance. Respondent denies the existence of such a practice. Even if it existed, claimants are not benefited by it, as they did not request certificates of insurance until six months after the accident. They did make a request for the responsible person's accident report, but this report would not necessarily show insurance coverage. The request, in fact, proved futile as no such report had been made. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.