■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v ERNEST EDGERSON et al., Appellants. [600 NYS2d 483] —In a proceeding to stay arbitration pursuant to CPLR article 75, the appeal is from a judgment of the Supreme Court, Nassau County (Segal, J.), entered March 28, 1991, which, after a hearing, granted the application.

Ordered that the judgment is reversed, on the law, with costs, the application is denied, and the parties are directed to proceed to arbitration.

On February 6, 1990, the appellant Ernest Edgerson was struck by a car insured by USAA Casualty Insurance Company (hereinafter USAA). Edgerson's wife, the appellant Barbara Clayton Edgerson, maintained an automobile insurance policy with the petitioner Nationwide Mutual Insurance Company (hereinafter Nationwide). The appellants engaged an attorney and attempted to ascertain the insurance coverage provided by USAA. USAA refused to reveal its policy limits until a lawsuit had been commenced against its insured. The appellants commenced such a lawsuit, and they were notified orally sometime in late May 1990 that USAA's policy limit was $10,000/$20,000. USAA offered to settle the case for the full $10,000. Written confirmation of the policy limit was received on June 18, 1990. On June 28, 1990, the appellants served a claim for underinsurance benefits upon Nationwide,

and also requested permission to settle the case against USAA's insured for $10,000.

Nationwide disclaimed underinsurance coverage upon the ground that the appellants failed to submit their claim within the 90-day time limit specified by the policy. The appellants served a demand for arbitration and Nationwide commenced the instant proceeding to stay arbitration. The Supreme Court granted a stay of arbitration, holding, *inter alia,* that the appellants failed to prove that they exercised due diligence in asserting their claim. We disagree and reverse.

An insured must assert a claim for underinsurance benefits within 90 days of the accident or as soon as practicable. This means that notice must be given within a reasonable time after the accident *(see, Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520). Whether the appellants gave notice within a reasonable time depends upon whether they acted with "due diligence" in ascertaining the insurance status of the vehicle involved in the collision, a determination which will vary with the facts and circumstances of each case *(see, Matter of MVAIC [Brown],* 15 AD2d 578). Based upon the peculiar facts of this case, we find that the appellants asserted a timely claim.

We note that, at the hearing, Nationwide's attorney conceded that if the court should find for the appellants on the issues of the timeliness of the claim and the appellants' status as an "insured" under the policy, then Nationwide could not withhold consent to the proposed settlement with USAA. Therefore, this arbitration proceeding is not premature for failure to exhaust all other insurance policies. However, any release given to USAA must preserve Nationwide's subrogation rights *(see, State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40). As a final point, we note that it is only speculation at this stage as to whether USAA will not accept a release which preserves Nationwide's subrogation rights. Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.