■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v AARON YOUNGER, Respondent. [603 NYS2d 541] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Garry, J.), dated November 1, 1991, which denied the application.

Ordered that the order is reversed, on the law and the facts, with costs, the petition is granted, and the petitioner's application for a permanent stay of arbitration is granted.

The respondent was allegedly injured on November 17, 1987, when a taxicab in which he was a passenger collided with another vehicle. The petitioner Eveready Insurance Company (hereinafter Eveready) was the insurer of the taxicab. On March 21, 1990, Eveready disclaimed coverage as to both the operator of the taxicab and the respondent on the ground that it had not been afforded timely notice of the accident. Approximately 11 months later, on February 25, 1991, the respondent served a demand for arbitration on Eveready pursuant to the uninsured motorist endorsement of the policy. Eveready subsequently moved to stay arbitration, contending that it had not received timely notice of the claim in accordance with the uninsured motorist endorsement, which re-

quired that a written notice of claim be provided to Eveready "[w]ithin 90 days or as soon as practicable". The Supreme Court denied the motion. We reverse.

Assuming that the respondent's demand for arbitration constituted written notice of the claim, it is clear that the notice was not timely given. Even if the period within which to give Eveready notice is measured from its unequivocal disclaimer of coverage dated March 21, 1990, the respondent's 11-month delay in notifying Eveready of the claim is unreasonable under the circumstances.

We find unpersuasive the respondent's assertion that he was required to await the outcome of litigation regarding the validity of Eveready's disclaimer before he could provide Eveready with notice of his claim. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.