■ In the Matter of the Arbitration between PREFERRED MUTUAL INSURANCE COMPANY, Respondent, and ROBERT D. SULLIVAN, Appellant. [605 NYS2d 450] —Mercure, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered November 25, 1992 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties, and (2) from an order of said court, entered February 3, 1993 in Albany County, which, upon reargument, adhered to its prior determination.

Respondent was involved in a motor vehicle accident in

January 1987 while driving an automobile owned by his employer. Petitioner was respondent's personal automobile insurance carrier at the time of the accident. In August 1989, respondent commenced an action against the owner and operator of the other vehicle involved in the accident and in June 1991 settled the action for $100,000, the full amount of the liability insurance policy in effect on the other vehicle. On May 17, 1991, respondent made a claim against petitioner for underinsured motorist coverage. Petitioner denied the claim upon the ground that respondent breached his obligation to "promptly" notify petitioner of the accident and to "promptly" send petitioner copies of the papers in the action commenced by respondent. Respondent thereafter made a demand for arbitration, as a result of which petitioner brought this proceeding to stay arbitration. Supreme Court granted petitioner's application and, upon respondent's subsequent motion for reargument, adhered to its initial determination. Respondent appeals.

There should be an affirmance. We are not persuaded by respondent's argument that he did not "seek" coverage under the underinsured motorist endorsement and thereby trigger the notice requirements of the policy until he became aware that the other driver's liability coverage was to be exhausted *(see, Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520). An insured must give notice to his insurance company within the time limit provided in the policy or within a reasonable time under all the circumstances *(see, supra; Matter of Merchants Mut. Ins. Co. v Hurban,* 160 AD2d 873; *see also, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436). Here, respondent did not give written notice of the accident or forward copies of the papers in the third-party action until May 1991, more than four years after the accident and nearly two years following the institution of legal action; his clear failure to timely comply with the policy provisions vitiated coverage *(see, supra).*

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the orders are affirmed, with costs.