■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and WAYNE OGLESBY, Appellant. [646 NYS2d 63] —Peters, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered October 16, 1994 in Chenango County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On August 10, 1989, a vehicle operated by Michael Schroder and owned by C & D Van Horn, Inc. struck respondent's vehicle after a car operated by Terry Owens crossed into Schroder's path. Petitioner is respondent's personal automobile insurance carrier.

In November 1990, respondent initiated an action against Owens, Schroder and C & D Van Horn. The jury returned a verdict of $100,000 against Owens with no liability against the other defendants. Since the Owens vehicle was insured with a liability limit of only $10,000, on July 2, 1992 respondent made a claim against petitioner for underinsured motorist coverage. Petitioner denied the claim upon the ground that respondent failed to give petitioner notice of the lawsuit until after the trial was completed. Respondent thereafter made a demand for arbitration, as a result of which petitioner brought this proceeding to stay arbitration. Supreme Court granted petitioner's application and this appeal by respondent followed.

We affirm. Endorsement 1751 of the subject policy, when read in conjunction with endorsement 1737, unambiguously required that notice of underinsurance claims be made by written notice within "90 days or as soon as practicable" and that petitioner be provided with immediate notice of the institution of legal action. This means that "[a]n insured must give notice to his insurance company within the time limit provided in the policy or within a reasonable time under all the circumstances" (*Matter of Preferred Mut. Ins. Co. [Sullivan]*, 199 AD2d 719, 720; *see, Matter of Nationwide Mut. Ins. Co. v Edgerson*, 195

AD2d 560, 561). Here, Supreme Court found that respondent was aware of the policy limitations of the Owens vehicle prior to trial and could have provided the requisite notice before any possibility of prejudice to petitioner's rights arose. Instead, notice was not received until nearly three years after the accident and respondent offers no reasonable excuse for the delay. Similar to the argument considered in *Matter of Preferred Mut. Ins. Co. (Sullivan)* (*supra*), we are unpersuaded by respondent's contention that his obligation to notify petitioner of the potential underinsurance claim was not activated until the jury's verdict was rendered holding only one tortfeasor liable. We further find respondent's reliance upon *Matter of Federal Ins. Co. v Watnick* (80 NY2d 539) misplaced since such decision addresses the time when the insured's obligation to pay a claim arises and not when the notice of claim must be given.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.