■ In the Matter of TRAVELERS INSURANCE COMPANY, Appellant, v ANTHONY MORZELLO, Respondent. [634 NYS2d 111] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered December 19, 1994, denying petitioner's application to stay arbitration of respondent's underinsured motorist claim and dismissing the petition, unanimously reversed, on the law, without costs or disbursements, the motion granted to the extent of directing a hearing as indicated herein and the matter remanded for such hearing.

We agree with the IAS Court that the policy requirement that a claimant give notice of an underinsured motorist claim "[w]ithin 90 days or as soon as practicable" is ambiguous in that it fails to state the event that triggers the running of the 90 days. In this regard, it should be noted, Insurance Law § 5208 (a) (1) provides for notice to the Motor Vehicle Accident Indemnification Corporation of an uninsured claim "within * * * days of the accrual of the cause of action" for "death or bodily injury, arising out of a motor vehicle accident occurring within this state". While the date of accident, in this case, March 24, 1990, might be the preferable starting point, given its certainty of calculation, such an event is not necessarily the only reasonable interpretation that could be accorded the phrase in question (see, Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386, 390).

Assuming, as a reasonable interpretation of the clause at issue, that the phrase should be construed to mean that the 90-day period does not begin to run until the claimant becomes aware that he or she has an underinsured claim, the instant case presents a question of fact, rather than one of law, as to when that event occurred. In that regard, the respondent claimant contends that he did not appreciate the extent of his injury until July 1993 when his condition deteriorated and the prospect of additional surgery was indicated. It is undisputed that the first notice of the underinsured motorist claim was not given until September 30, 1993.

The fact is though that the claimant, after having undergone surgery on August 13, 1990, commenced a personal injury action against the alleged tortfeasor McEvoy on December 19, 1990, knowing then that McEvoy had only a $100,000 liability policy in effect and that the policy covering the vehicle he was operating at the time of the accident, his father's, and under which his underinsured motorist claim is made, had a $300,000 limit for its uninsured and underinsured coverage. In his complaint, the claimant sought $1,000,000 in damages.

Furthermore, the claimant, at the time he commenced his

action against McEvoy, had already incurred over $20,000 in medical bills. Moreover, and contrary to his claim that he did not learn until late July 1993 that the August 1990 operation *had not been successful, the claimant,* on January 5, 1994, in the presence of his attorney, told the physician who examined him in behalf of McEvoy's insurer that shortly after the August 1990 surgery he began to experience renewed pain in his low back and in his lower left extremity and also in his lower right extremity, an area that had been pain free before the August 1990 operation. He also complained that since his August 1990 operation he "had pain radiation up into his left upper neck area". It is noteworthy also that in late July 1993 he rejected a $95,000 settlement offer from McEvoy's insurer, made even before the claimant's medical condition had ostensibly worsened. He also rejected a subsequent $100,000 offer made on August 6, 1993. Thus, it appears that from the outset this was a case that would exhaust McEvoy's policy limits.

On such a record, petitioner is entitled to an evidentiary hearing as to when the claimant knew or should have known that McEvoy was underinsured with respect to his claim. It should also be noted that, contrary to the claimant's argument, it is of no moment as to when he ascertained that McEvoy had no assets other than his $100,000 liability policy with which to settle this claim. The claimant's obligation to give timely notice is keyed to McEvoy's underinsured status, not his ability to settle a claim or satisfy a judgment.

Accordingly, the matter is remanded for a hearing in accordance herewith. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.