■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v TARA SALA, Respondent. [640 NYS2d 517] —Order, Supreme Court, Suffolk County (Harry Seidell, J.), entered on or about January 24, 1995, which, *inter alia*, denied petitioner's application to stay arbitration of respondent's underinsurance claim, unanimously affirmed, with costs.

The IAS Court correctly rejected petitioner's argument that respondent failed to comply with the policy's underinsured coverage notice provisions. Respondent notified petitioner of the accident immediately after it happened, pursuant to a request for first-party benefits, but could not at that or any other time prior to the the jury's verdict in the personal injury action she had brought, know that the school district and school bus driver, who were insured for $1 million, would be absolved of all liability for the accident, leaving her with only the $25,000 policy of the automobile driver, and thus a viable claim for the underinsurance benefits of her own policy (Insurance Law § 3420 [f] [2]; *see, Matter of Federal Ins. Co. v Watnick*, 80 NY2d 539, 546). Under such circumstances, it was the announcement of the jury's verdict in the personal injury action that marked the commencement of respondent's obligation to give written notice of claim within 90 days after the accident "or as soon as practicable". We have considered petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.