■ In the Matter of the Arbitration between PROGRESSIVE INSURANCE COMPANY, Respondent, and JUAN MORALES, Appellant. [653 NYS2d 193] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 21, 1996 in Washington County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On November 19, 1991, while respondent was apparently stopped at a red light, his vehicle was rearended by another automobile. By letter dated November 22, 1991, petitioner, respondent's insurance company, notified respondent that it had received "notice that [he] may have sustained injuries in

---

the * * * accident" and set forth the possible no-fault benefits available to respondent under New York law. Thereafter, by letter dated March 24, 1994, respondent gave petitioner notice that he was submitting an uninsured motorist claim. On April 21, 1994, petitioner denied coverage on the ground that respondent failed to provide timely written notice of the claim as required by the insurance policy. Specifically, petitioner relied on the language requiring an insured to make a claim within 90 days of an accident or "as soon as practicable". A demand for arbitration, dated July 19, 1995, was filed by respondent and petitioner commenced this proceeding to stay arbitration, again claiming lack of timely notice. Supreme Court ruled in petitioner's favor and respondent appeals.

Respondent argues that because petitioner had actual notice of the accident within three days of its occurrence (as evidenced by the November 22, 1991 letter informing respondent of his no-fault insurance options), the notice requirement was satisfied. We disagree. Respondent clearly failed to comply with the condition precedent for coverage under the uninsured motorist section of his insurance policy. He has set forth no reasonable excuse for his failure to do so and he does not dispute that he failed to timely file the claim. The fact that petitioner received "notice of the accident does not vitiate the breach of the policy requirement" (*Matter of Home Indem. Co. v Messana*, 139 AD2d 513; *see, Matter of Federal Ins. Co. v Cata*, 158 AD2d 523, *lv dismissed* 76 NY2d 885). In this regard, we note that the insurer does not have to show prejudice before it can advance the claim of noncompliance (*see, Gizzi v State Farm Mut. Ins. Co.*, 56 AD2d 973). It could also be said that even if the period within which to give notice was measured from the time of petitioner's disclaimer (Apr. 21, 1994), respondent's demand for arbitration, filed over more than one year later, was unreasonable under the circumstances (*see, Matter of Eveready Ins. Co. v Younger*, 198 AD2d 276).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.