■ In the Matter of the Arbitration between NATIONWIDE INSURANCE COMPANY, Appellant, and CHRIS DE ROSE, Respondent. [659 NYS2d 342] —Casey, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 7, 1996 in Fulton County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On July 20, 1994, respondent was injured in an automobile accident when the vehicle in which she was riding as a passenger, driven by Kristel Velazquez, was struck head-on by a vehicle driven by Jonathan Bellamy. At the time of the accident, the Velazquez vehicle was insured by petitioner and carried bodily injury coverage of $50,000 per person and $100,000 per occurrence as well as underinsured motorist coverage in the same amounts. The Bellamy vehicle carried bodily injury insurance coverage of $10,000 per person and $20,000 per occurrence.

In September 1994, respondent and her husband commenced a personal injury action against Velazquez and Bellamy. In August 1995, they settled their claim against Bellamy in exchange for the payment of the full policy proceeds which were divided among respondent and others injured in the accident. Thereafter, on October 30, 1995, respondent served upon petitioner a written notice requesting underinsured motorist coverage under the Velazquez policy. Petitioner denied coverage on the basis that, *inter alia*, respondent failed to give it notice of her request for underinsured motorist coverage "as soon as practicable" as required by the insurance policy.

Following the dismissal of the personal injury action against Velazquez, respondent served a demand for arbitration upon petitioner seeking underinsured motorist coverage in the amount of $43,333.34. Supreme Court denied petitioner's ensuing application to stay arbitration and petitioner appeals.

The requirement in an insurance policy to provide written notice "as soon as practicable" means that " '[a]n insured must give notice to his insurance company within the time limit provided in the policy or within a reasonable time under all

the circumstances'" (*Matter of Nationwide Mut. Ins. Co. [Oglesby]*, 219 AD2d 771, quoting *Matter of Preferred Mut. Ins. Co. [Sullivan]*, 199 AD2d 719, 720). The reasonableness of the notice depends upon the circumstances of each case (*see, Matter of Nationwide Mut. Ins. Co. v Edgerson*, 195 AD2d 560, 561), and the fact that the insurance company has notification of the accident "'does not vitiate the breach of the policy requirement'" (*Matter of Progressive Ins. Co. [Morales]*, 236 AD2d 672, 673, quoting *Matter of Home Indemn. Co. v Messana*, 139 AD2d 513).

Under the circumstances presented here, we find that respondent's delay of more than one year in serving upon petitioner written notice of her claim for underinsurance coverage was unreasonable. Respondent was notified as early as September 1994 that the limits on the Bellamy vehicle were only $10,000/$20,000. It was apparent from the accident report that Bellamy was at fault in causing the accident. It was also apparent that other individuals who were injured in the accident would probably seek recovery from Bellamy. While the true extent of respondent's injuries may not have been known when she and her husband commenced the personal injury action in September 1994, the damages requested, $1,500,000, were significant. Therefore, we conclude that the notice was untimely as a matter of law and that petitioner's application for a stay of arbitration must be granted (*see, Matter of Liberty Mut. Ins. Co. [Dombroski]*, 235 AD2d 606; *Matter of Nationwide Mut. Ins. Co. [Oglesby], supra*; *Matter of Preferred Mut. Ins. Co. [Sullivan], supra*; *cf., Matter of Allstate Ins. Co. v Sala*, 226 AD2d 172, *lv denied* 89 NY2d 801).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application to stay arbitration granted.