■ BRENDA MATAN et al., Respondents, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [663 NYS2d 906] —Cardona, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered November 18, 1996 in Albany County, which, *inter alia*, granted plaintiffs' cross motion for summary judgment on the issue of liability.

On June 18, 1995, plaintiff Brenda Matan (hereinafter plaintiff) was injured in an automobile accident when the vehicle she was driving, which was insured by defendant, was struck by a vehicle driven by Anne Messore. On June 27, 1995, plaintiff filed a claim for no-fault benefits with defendant. Thereafter, plaintiff and her husband commenced an action for personal injuries against Messore and served a demand for copies of any applicable liability insurance policies and their limits. The demand was complied with in April 1996. Prior to this disclosure, however, in February 1996 plaintiffs gave defendant written notice of their potential claim for underinsured motorist benefits allegedly based on the fact that plaintiff continued to undergo medical treatment and her injuries appeared to be more significant than they were at the time the claim for no-fault benefits was filed. Defendant immediately disclaimed coverage on the basis that plaintiffs had not provided notice of the claim "as soon as practicable" as required by the policy.

Plaintiff and her husband subsequently commenced this declaratory judgment action seeking to recover underinsured motorist benefits. Prior to serving an answer, defendant moved to dismiss the complaint. Plaintiffs, in turn, cross-moved for summary judgment. Supreme Court, *inter alia*, granted plaintiffs' cross motion for summary judgment on the issue of liability and this appeal by defendant ensued.

We affirm. When an insurance policy requires that a notice of claim be given " 'as soon as practicable' ", this means that such notice must be given " 'within a reasonable time under all the circumstances' " (*Matter of Nationwide Mut. Ins. Co. [Oglesby]*, 219 AD2d 771, quoting *Matter of Preferred Mut. Ins. Co. [Sullivan]*, 199 AD2d 719, 720). The reasonableness of the

notice must be determined on a case by case basis (*see, Matter of Nationwide Ins. Co. [De Rose]*, 241 AD2d 607, 608). In the instant matter, we find that Supreme Court correctly determined that plaintiffs were entitled to judgment as a matter of law.

Notably, written notification to an insurer of an underinsurance claim given shortly *after* the claimant is informed of the limits of an offending vehicle's insurance policy can be reasonable notice (*see, Matter of Travelers Ins. Co. [Dauria]*, 224 AD2d 259). Under the particular circumstances herein, we are of the view that the written notice given by plaintiffs *before* they received actual notice of the policy limits was reasonable. The record further establishes that plaintiffs gave timely notice of the accident and made diligent efforts to apprise defendant of their claim for underinsured motorist benefits as soon as they had a founded suspicion, based upon plaintiff's medical condition, that Messore's policy would be insufficient. Given these circumstances and the ambiguity in the phrase "as soon as practicable" regarding the event which triggers the duty to provide notice (*see, id.; Matter of Travelers Ins. Co. v Morzello*, 221 AD2d 291), we conclude that the notice given in February 1996 was reasonable.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.