■ In the Matter of the Arbitration between ALLSTATE IN-SURANCE COMPANY, Respondent, and RICHARD DEWYEA, Appellant. [664 NYS2d 684] —Peters, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 10, 1996 in Franklin County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On July 29, 1993, respondent was injured in a collision with a vehicle driven by Matthew Bujold. Respondent provided petitioner, his automobile insurance carrier, with written notice of the accident the same day. Respondent commenced a personal injury action against Bujold in November 1994. At an examination before trial on November 30, 1995, respondent learned that Bujold carried the minimum insurance coverage of $10,000/$20,000. On December 1, 1995, respondent's counsel notified petitioner by telephone that respondent would make a claim to his underinsurance benefits. Petitioner denied the claim on the ground that respondent failed to notify it of the claim for underinsurance within 90 days of the date of the accident or as soon thereafter as practicable, as provided in respondent's insurance policy. Respondent made a demand for arbitration of his underinsurance claim prompting petitioner to commence this proceeding to stay arbitration. Supreme Court granted the petition and this appeal ensued.

Because respondent failed to establish any reasonable excuse for his delay or establish due diligence in ascertaining the amount of Bujold's policy limits for over one year after the commencement of the action, we conclude that Supreme Court properly granted petitioner's application to stay arbitration (*see, e.g., Schiebel v Nationwide Mut. Ins. Co.*, 166 AD2d 520; *cf., Matter of Allstate Ins. Co. [White]*, 231 AD2d 950; *Matter of*

*Nationwide Mut. Ins. Co. v Edgerson*, 195 AD2d 560, 561). The fact that petitioner had potential knowledge of respondent's claim for underinsurance benefits because it insured both respondent and Bujold and was aware of the extent of respondent's injuries and Bujold's limited coverage does not negate respondent's breach of the terms of the insurance policy that require written notice of his claim for underinsurance benefits (*see generally, Matter of Aetna Life & Cas. v Ocasio*, 232 AD2d 409). Moreover, respondent failed to provide petitioner with written notification of his claim for underinsurance motorist benefits until March 18, 1996, despite learning of the limited insurance coverage of Bujold on November 30, 1995.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.