◼ In the Matter of NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v RICHARD LEONG, Respondent. [672 NYS2d 903] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 3, 1997, as, in effect, denied that branch of the petition which was to permanently stay arbitration on the ground that the respondent had failed to give timely notice of his claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to permanently stay arbitration is granted, and arbitration of the claim for underinsured motorist benefits is permanently stayed.

The respondent, Richard Leong, allegedly was involved in a motor vehicle accident on June 29, 1995. He did not serve his insurer, the petitioner National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union), with a claim for underinsurance benefits until November 12, 1996. National Union rejected his claim as untimely, among other things, and the respondent served a demand for arbitration of the claim. National Union then commenced the instant proceeding seeking, *inter alia*, to permanently stay arbitration of the respondent's claim. The Supreme Court rejected National Union's assertion that the respondent's notice of claim was not timely, and denied the branch of the petition which was to permanently stay arbitration on that ground. We reverse.

"An insured must give his or her insurance carrier notice of an accident or occurrence within the time limit provided in the insurance policy or within a reasonable time under all the circumstances * * * Absent a valid excuse, failure to satisfy the notice requirement of an insurance policy vitiates insurance coverage" (*Matter of Travelers Ins. Co. v Littleton*, 218 AD2d 661, 662). In the instant case, the respondent's notice to National Union, given more than 16 months after the accident, was untimely (*see, Matter of Eveready Ins. Co. v Younger*, 198 AD2d 276), and the respondent "failed to demonstrate that he had diligently sought to determine" the limits of the offending vehicle's policy (*Matter of Utica Mut. Ins. Co. v Lowry*, 208 AD2d 636, 637; *cf., Matter of Nationwide Mut. Ins. Co. v Edgerson*, 195 AD2d 560). Therefore, National Union is entitled to a permanent stay of arbitration (*see, Matter of Utica Mut. Ins. Co. v Lowry, supra; Matter of Eveready Ins. Co. v Younger, supra*). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.