JAMES E. OWEN et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [673 NYS2d 477] —Spain, J. Appeal from an order of the Supreme Court (Rose, J.), entered May 9, 1997 in Tioga County, which, upon reargument, inter alia, denied defendant's cross motion for summary judgment.

On February 28, 1994 plaintiff James E. Owen (hereinafter plaintiff), as a pedestrian, was struck by a vehicle owned by Lois Williams and Albert Williams; approximately 10 to 15 minutes after the accident plaintiff noticed a sharp pain in his lower back. On March 1, 1994, plaintiff notified defendant, his insurance carrier, of the incident and also sought medical treatment for his back pain. Notably, during the period of time in question, plaintiff was a licensed insurance agent in New York and an authorized agent for several companies including defendant; he had written his own automobile policy with defendant. During the period between February 28, 1994 and February 1995, plaintiff noticed a gradual worsening of his back pain and eventually underwent back surgery in March 1995. In July 1995, plaintiff made a claim against the Williamses'

automobile insurance carrier, State Farm Insurance Company, and was subsequently paid the policy limit of $25,000. In August 1995 plaintiff's counsel informed defendant of his intent to commence an underinsurance claim against defendant; within days defendant disclaimed coverage on the ground of late notice.

Plaintiff and his wife, derivatively, then commenced this declaratory judgment action and moved for summary judgment; in response, defendant cross-moved for summary judgment. Supreme Court ultimately denied both plaintiffs' motion and defendant's cross motion for summary judgment on the ground that plaintiff's deposition testimony raised an issue of fact as to the timeliness of the notice of underinsurance claim. Defendant appeals.

It is settled law that an insured must give his or her insurer notice of an underinsurance claim within the time specified in the insurance policy or within a reasonable time after the occurrence of the incident upon which the claim is based (*see, Matter of Nationwide Mut. Ins. Co. [Oglesby]*, 219 AD2d 771) and such notice is a condition precedent to coverage (*see, White v City of New York*, 81 NY2d 955, 957). When the terms of the policy require that an insured give notice of a claim "as soon as practicable", the insured must give notice " ' "within a reasonable time under all the circumstances" ' " (*Matan v Nationwide Mut. Ins. Co.*, 243 AD2d 978, quoting *Matter of Nationwide Mut. Ins. Co. [Oglesby], supra*, at 771, quoting *Matter of Preferred Mut. Ins. Co. [Sullivan]*, 199 AD2d 719, 720). "The reasonableness of the notice must be determined on a case by case basis" (*Matan v Nationwide Mut. Ins. Co., supra*, at 978-979 [citation omitted]). Under certain circumstances, late notice of a claim may be excused; the insured, however, bears the burden of demonstrating the reasonableness of such excuse (*see, White v City of New York, supra*, at 957).

Here, plaintiff was injured as a result of a motor vehicle-pedestrian accident on February 28, 1994 and reported the incident to defendant on March 1, 1994. Plaintiff's contract of insurance with defendant provided that any claim for underinsurance coverage must be reported, in writing, "as soon as possible". Although plaintiff's condition was deteriorating and he was aware of the identity of the Williamses' insurance carrier, he did not seek information about the policy limits until July 1995 and did not give notice of an underinsurance claim to defendant until August 16, 1995, nearly 18 months after the accident. In our view, plaintiff's delay in ascertaining the Williamses' policy limits for upwards of 15 months after the

accident constitutes a lack of due diligence (*see, Matter of All-state Ins. Co. [Dewyea]*, 245 AD2d 667, 668). Moreover, he was aware of the Williamses' policy limits for approximately six weeks before notice was given to defendant; we conclude that this delay was not "as soon as possible" and unreasonable as a matter of law (*see, id.*, at 667-668; *Matter of Nationwide Mut. Ins. Co. [De Rose]*, 241 AD2d 607, 608).

Mercure and Crew III, JJ., concur.

Yesawich Jr., J. (dissenting). We respectfully dissent. In our view, the delay by plaintiff James E. Owen (hereinafter plaintiff) cannot be deemed unreasonable as a matter of law, for he could not have been expected to notify defendant of the possibility of an underinsurance claim before he became aware—or should have become aware—that he indeed might have such a claim (*cf., Matter of MVAIC [Brown]*, 15 AD2d 578, 579, *appeal dismissed* 11 NY2d 968). And, that could not occur until plaintiff learned not only of the Williamses' policy limits, but also whether his damages exceeded those limits (*see, Matan v Nationwide Mut. Ins. Co.*, 243 AD2d 978, 979; *Matter of Travelers Ins. Co. v Morzello*, 221 AD2d 291). Thus, while the majority emphasizes plaintiff's delay in ascertaining the extent of the Williamses' coverage as a basis for concluding that his notice was untimely, that delay becomes immaterial if, as plaintiff avers, he did not know (and could not have known) of the severity and permanence of his injuries until it became apparent, in June or July 1995, that the surgery had not been as successful as predicted.

In short, we believe, upon consideration of all of the relevant circumstances (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441; *Matter of Nationwide Mut. Ins. Co. v Edgerson*, 195 AD2d 560, 561)—including the gradual increase in plaintiff's pain and disability following the accident, leading eventually to the need for surgery in early 1995, and the fact that the final outcome of that surgery could not be known for some time thereafter—that a factual question exists with respect to when plaintiff should have first become cognizant of the true scope of his injuries, and therefore have realized that he had sustained damage in excess of $25,000, such that an underinsurance claim might be warranted. Accordingly, we would affirm Supreme Court's order denying defendant's motion for summary judgment.

Mikoll, J. P., concurs. Ordered that the order is reversed, on the law, without costs, cross motion granted, summary judgment awarded to defendant and complaint dismissed.