■ In the Matter of the Arbitration between NATIONWIDE INSURANCE COMPANY, Respondent, and LUIGI DIGIOACCHINO,

Appellant. [680 NYS2d 275] —Graffeo, J. Appeal from an order of the Supreme Court (Keegan, J.), entered November 18, 1997 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On December 21, 1994, respondent was involved in an automobile accident in which he sustained personal injuries. Petitioner provided insurance coverage for respondent's automobile which included supplementary uninsured motorist (SUM) coverage. The other vehicle involved in the accident, owned by Kellie Jerome and operated by Michael Frasier, was also insured by petitioner. It is undisputed that the attorney for respondent and a claims adjuster for petitioner spoke prior to the commencement of the action, but the parties disagree on the content of the communication. Respondent's counsel claims that he inquired about the policy limits of the Jerome vehicle, while the claims adjuster asserts that the attorney only discussed settling respondent's property damage claim.

On December 11, 1995, the attorney for respondent sent correspondence to petitioner requesting insurance information, including the policy limits available to his client with respect to "this action". However, no action existed at that time and no reference was made to any potential lawsuit or the Jerome vehicle, either by name or policy number. An action was commenced on January 15, 1996 by respondent against Jerome and Frasier. Sometime in October 1996, respondent's attorney learned that Jerome's policy coverage was $25,000 per person and $50,000 per accident. On October 24, 1996, respondent provided written notice of a claim for SUM benefits which was denied by petitioner. In January 1997, petitioner paid respondent $25,000 to settle the lawsuit against Jerome and Frasier.

Respondent filed a demand for arbitration in March 1997 requesting compensation from petitioner pursuant to the SUM benefits of his policy. Petitioner commenced this proceeding pursuant to CPLR 7503 (b) to permanently stay the arbitration based on respondent's failure to provide timely notice to the carrier. Supreme Court granted the petition and this appeal ensued.

Failure to comply with notice provisions contained in an insurance policy within the time limit provided or within a reasonable time under the circumstances is grounds for denial of a claim (*see, Matter of Nationwide Mut. Ins. Co. [Oglesby]*, 219 AD2d 771; *Matter of Preferred Mut. Ins. Co. [Sullivan]*, 199 AD2d 719; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, *lv dismissed* 74 NY2d 651). However, late notice will not bar a claim if the delay was reasonable (*see, Secu-*

*rity Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436). Here, respondent's insurance policy provided that the insured must submit written notice of a claim for SUM benefits as soon as practicable. Respondent did not provide written notice for approximately 22 months from the time of the accident and more than 10 months following the commencement of the personal injury action. We reject respondent's contention that he could not be expected to notify petitioner of his SUM claim until he was aware of Jerome's liability coverage through discovery (*see, Matter of Preferred Mut. Ins. Co. [Sullivan]*, *supra*; *cf., Schiebel v Nationwide Mut. Ins. Co.*, 166 AD2d 520).

Additionally, the contention that petitioner deliberately withheld policy limit information is unsubstantiated by the record. Respondent's assertion that the December 11, 1995 correspondence constituted "due diligence" in obtaining the liability limits of Jerome's policy is unpersuasive as the letter was merely a request for respondent's own policy information prior to the commencement of the action. It contained no reference to Jerome or her policy and failed to mention any aspects of the accident or the parties involved. Respondent's further argument that the delay was occasioned by the fact that he was unaware that his injury was serious is belied by a February 16, 1995 letter from respondent's attorney which described the injuries as "serious".

Lastly, the fact that petitioner may have had knowledge of the claim since it insured both respondent and Jerome did not vitiate the contractual notice requirement (*see, Matter of Allstate Ins. Co. [Dewyea]*, 245 AD2d 667). In the absence of a reasonable excuse for his delay or proof of due diligence in determining Jerome's policy limits, Supreme Court's determination to stay arbitration was appropriate as a matter of law (*see, id.*, at 667-668).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.