■ Margaret LaBella, Respondent, v Allstate Insurance Company, Appellant. [689 NYS2d 197] —In an action to recover underinsurance benefits under an automobile liability policy issued by the defendant to the plaintiff, the defendant appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 22, 1997, which denied its cross motion to dismiss the complaint, and granted the plaintiff's motion to the extent of directing it to consent to the settlement of the plaintiff's claim against the tortfeasor in the underlying personal injury action and waive its subrogation rights, or accept an assignment of such claim.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

An insured must give his or her insurance carrier notice of an accident and make a claim for underinsured motorist coverage within a reasonable time under all of the circumstances

(see, Matter of Nationwide Mut. Ins. Co. v Edgerson, 195 AD2d 560; Matter of Merchants Mut. Ins. Co. v Hurban, 160 AD2d 873; see also, Matter of National Union Fire Ins. Co. v Leong, 250 AD2d 687). Absent a valid excuse, the failure to satisfy the notice requirement of an insurance policy will vitiate underinsurance coverage (see, Paz v Aetna Cas. & Sur. Co., 250 AD2d 660; Matter of National Union Fire Ins. Co. v Leong, supra). Here, the plaintiff did not notify her insurance carrier that she was seeking underinsured motorist coverage until over four years after the accident, and offered no excuse for her failure to provide such notice. Under these circumstances, the plaintiff's notice was untimely as a matter of law (see, Paz v Aetna Cas. & Sur. Co., supra; Matter of National Union Fire Ins. Co. v Leong, supra; Owen v Allstate Ins. Co., 250 AD2d 1018). Since the plaintiff's failure to timely notify the defendant carrier of her claim vitiated coverage, the Supreme Court should have granted the defendant's cross motion to dismiss the complaint.

The plaintiff's claim that the carrier's cross motion to dismiss the complaint was in actuality a motion for summary judgment which was untimely pursuant to CPLR 3212 (a) is raised for the first time on appeal, and is therefore improperly before this Court. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.