■■■ CAROL R. DIXON et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [695 NYS2d 826] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover under the supplemental uninsured motorist (SUM) endorsement in their insurance policy issued by defendant. Plaintiff Carol R. Dixon was injured in an automobile accident on July 21, 1996, and plaintiffs gave notice to defendant on July 29, 1997 of their claim for benefits under the SUM endorsement. Defendant disclaimed coverage based on plaintiffs' failure to provide timely notice of the SUM claim. Plaintiffs appeal from an order granting defendant's motion for reargument and, upon reargument, granting defendant's motion for a protective order.

We reject plaintiffs' contention that Supreme Court erred in granting reargument. The court acted within its discretion in granting leave to reargue on the ground that it had misapplied the law (*see, Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 27, *lv dismissed in part and denied in part* 80 NY2d 1005, *rearg denied* 81 NY2d 782; *Foley v Roche,* 68 AD2d 558, 567).

We further reject plaintiffs' contention that the court erred, upon reargument, in granting defendant's motion for a protective order. Plaintiffs sought to depose employees of defendant and the insurance agent to determine their interpretation of the policy requirement that plaintiffs give notice of a claim for SUM coverage "as soon as practicable", as well as their knowledge of a potential claim by plaintiffs. Plaintiffs were required to give notice "with reasonable promptness after [they] knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495; *see, Matter of Nationwide Ins. Co. v Montopoli*, 262 AD2d 647). Defendant's interpretation of the phrase "as soon as practicable" is irrelevant. In addition, even if defendant had actual notice of the accident, such notice does not vitiate the requirement that plaintiffs provide notice. The resolution of the issue whether plaintiffs provided timely notice "turns solely on [their] diligence and therefore on facts within their knowledge" (*Matter of Seasonwein [MVAIC]*, 23 AD2d 732). Thus, the court properly vacated plaintiffs' cross notice of examination before trial because the proposed deponents did not possess any relevant information on the issue whether plaintiffs provided timely notice of their claim. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Reargument.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.