■ In the Matter of the Arbitration between Nationwide Mutual Insurance Company, Respondent, and Jeffrey Steber et al., Appellants. [712 NYS2d 712] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the petition seeking a permanent stay of arbitration of respondents' supplemental uninsured motorist (SUM) claim. Petitioner supported its application with proof that respondents waited 30 months after the accident to

provide notice of their SUM claim. The burden was on respondents to explain their delay (*see, Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669). The record establishes that, immediately following the accident, respondents were aware of the severity of respondent Jeffrey Steber's injuries and the identity of the culpable driver, but they waited 30 months before considering an action against the driver for damages and filing a claim with petitioner. Respondents offered no reasonable explanation for their delay (*see, Unwin v New York Cent. Mut. Fire Ins. Co., supra*).

Furthermore, although the insured, respondent Robert E. Steber, contacted petitioner several days after the accident, he did not notify petitioner that a claim would be made under the SUM endorsement of his policy. Petitioner's actual notice of the accident does not vitiate the requirement that respondents provide timely notice of their claim (*see, Dixon v New York Cent. Mut. Fire Ins. Co.*, 265 AD2d 914). (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Arbitration.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.