■ ARTHUR T. CIARAMELLA, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. [709 NYS2d 296] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in granting judgment in favor of plaintiff declaring that plaintiff provided timely notice of a supplementary uninsured motorist (SUM) claim and that defendant has a duty to provide coverage for plaintiff. The court should have granted judgment in favor of defendant declaring that defendant has no duty to provide coverage for plaintiff. Although the relevant provision of the insurance policy required plaintiff to give notice of a SUM claim "as soon as practicable" (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495), plaintiff did not give the required notice until 1½ years after the accident, which occurred in March 1997. Even assuming, arguendo, that plaintiff was excused from providing timely notice until the true extent of his injury was known in December 1997 (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra*, at 493), we conclude that plaintiff failed to explain the next eight months of delay during which he was represented by counsel. Plaintiff contends that no attempt was made to ascertain the other driver's policy limits during this

period because defendant failed to provide relevant information about plaintiff's coverage when plaintiff asked for that information shortly after the accident. That contention lacks merit for several reasons. First, the record establishes that plaintiff did not ask defendant about SUM coverage until July 1998. Second, when plaintiff asked defendant for policy information shortly after the accident, the seriousness of plaintiff's injuries was not apparent and defendant had no reason to believe that plaintiff had a SUM claim. Third, in the absence of fraud or other wrongful conduct, plaintiff as the policy holder "is conclusively presumed to know its contents and to assent to them" (*Metzger v Aetna Ins. Co.*, 227 NY 411, 416). "Ignorance through negligence or inexcusable trustfulness will not relieve a party from his contract obligations" (*Metzger v Aetna Ins. Co., supra*, at 416).

Finally, the fact that defendant had potential knowledge of plaintiff's SUM claim because it was plaintiff's no-fault carrier does not alter the fact that plaintiff failed to provide timely written notice (*see, Matter of Allstate Ins. Co. [Dewyea]*, 245 AD2d 667, 668). "The resolution of the issue whether plaintiff[ ] provided timely notice 'turns solely on [his] diligence and therefore on facts within [his] knowledge'" (*Dixon v New York Cent. Mut. Fire Ins. Co.*, 265 AD2d 914, 915, quoting *Matter of Seasonwein [MVAIC]*, 23 AD2d 732). Defendant's "actual notice of the accident does not vitiate the requirement that [plaintiff] provide timely notice of [his] claim" (*Matter of Nationwide Mut. Ins. Co. [Steber]*, 272 AD2d 940, 941; *see, Matter of Nationwide Ins. Co. [De Rose]*, 241 AD2d 607, 608). We therefore reverse the judgment and grant judgment in favor of defendant declaring that it has no duty to provide coverage for plaintiff. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Declaratory Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.