■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v COLLEEN DOWLING, Respondent. [774 NYS2d 679]—

Order, Supreme Court, New York County (Richard Braun, J.), entered May 5, 2003, which denied petitioner insurer's application to stay arbitration of respondent's underinsured motorist claim, unanimously affirmed, without costs.

The application to stay arbitration was properly denied on the ground that it was not made within 20 days after service of respondent's demand (CPLR 7503 [c]). It does not avail petitioner that it timely commenced a proceeding to stay the arbitration in Queens County, which the Queens County court ordered transferred to New York County, and that it instituted the instant stay proceeding only because of ministerial difficulties it encountered in effectuating the transfer (*cf. Matter of Metropolitan Prop. & Cas. Ins. Co. [Coping]*, 179 AD2d 499 [1992]). In any event, as the motion court also held, the petition lacks merit. Respondent notified petitioner insurer of the accident immediately after it happened, in connection with a no-fault claim. Neither at this time nor at any other time prior to the grant of summary judgment in the personal injury action

respondent had brought, could she have known that the only defendant in that action with significant insurance coverage, the driver of the car in which she was a passenger and also insured by petitioner, would be absolved of liability, and that she therefore had a viable underinsurance claim against petitioner. Under such circumstances, it was the grant of summary judgment to defendant in the personal injury action that marked the commencement of respondent's obligation to give written notice of claim "as soon as practicable" (*see Matter of Allstate Ins. Co. v Sala*, 226 AD2d 172 [1996], *lv denied* 89 NY2d 801 [1996]). Concur—Nardelli, J.P., Mazzarelli, Saxe and Friedman, JJ.