■ In the Matter of the Arbitration between PROGRESSIVE INSURANCE COMPANIES, Appellant, and ANSLEY E. DEWITT, Respondent. [842 NYS2d 804]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered November 1, 2006 in a proceeding pursuant to CPLR article 75. The order denied the petition for a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for a hearing in accordance with the following memorandum: Respondent was injured in July 2004 when he was struck by a motor vehicle while riding his motorcycle and, over the course of the next 14 months, he received treatment from various health care providers. Respondent learned in September 2005 that he had sustained permanent injuries, whereupon his attorney notified petitioner of a potential supplementary uninsured/underinsured motorist (SUM) claim by letter dated September 15, 2005. After conducting an investigation, petitioner denied coverage on the ground that respondent had failed to notify petitioner of the claim "as soon as practicable" in accordance with respondent's SUM insurance policy. Respondent requested arbitration on the issue of coverage, and petitioner commenced this proceeding seeking a permanent stay of arbitration.

Supreme Court erred in denying the petition upon determining as a matter of law that respondent had provided petitioner with timely notice of the SUM claim. We conclude that there is an issue of fact whether respondent "knew or should reasonably have known that the tortfeasor was underinsured" (*Matter*

*of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]). In response to the allegation in the petition that there was a delay of over one year in serving petitioner with written notice of the SUM claim (*see generally Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669, 670 [2000]), respondent alleged that he had hoped that his symptoms would improve during that period and that he therefore had not intended to sue the tortfeasor. There is evidence in the record suggesting that respondent should have been aware that he had sustained a serious injury as early as December 2004, when he was laid off from work because he was unable to carry out the necessary tasks of his job based on his injuries. There is also medical evidence in the record, however, that amounts to "a credible basis to support [respondent's] reason for the delay," i.e., the hope of respondent that his symptoms would improve. (*Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924, 925 [1998].) Thus, "the issue of reasonableness becomes one of fact" (*id.*; *see Metropolitan Prop. & Cas. Ins. Co.*, 93 NY2d at 494-495; *Medina v State Farm Mut. Auto. Ins. Co.*, 303 AD2d 987, 988-989 [2003]; *Matan v Nationwide Mut. Ins. Co.*, 243 AD2d 978 [1997]). We therefore reverse the order and remit the matter to Supreme Court for a hearing to determine whether notice was given as soon as practicable. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.