■ In the Matter of Arbitration between NATIONWIDE INSURANCE COMPANY, Appellant, and REBECCA T. BROWN-YOUNG, Respondent. [695 NYS2d 823] —Order unanimously affirmed without costs. Memorandum: Respondent was injured in an automobile accident on October 27, 1995. At that time, she was covered under an automobile policy issued by petitioner with supplemental uninsured motorist (SUM) coverage. Under the SUM endorsement, respondent was required to give notice of a claim "[a]s soon as practicable". Respondent gave notice of her claim under the SUM endorsement on July 17, 1997. Petitioner disclaimed coverage on the ground that respondent had failed to give timely notice, and respondent filed a demand for arbitration. Petitioner then commenced this proceeding seeking a permanent stay of arbitration based upon respondent's alleged failure to comply with the notice provision, and respondent cross-moved to compel arbitration. Supreme Court denied the petition and granted the cross motion. We affirm.

The provision that notice was to be given "as soon as practicable" was a condition precedent to petitioner's liability (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 492). The meaning of the phrase "as soon as practicable" in the underinsurance context means that the "insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra,* at 495). A factor to consider is the seriousness and nature of the insured's injuries (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra,* at 494-495; *Matter of Travelers Ins. Co. [DeLosh],* 249 AD2d 924, 925). Here, respondent was diagnosed with a cervical strain immediately after the accident. Her pain continued and she consulted an orthopedic and spine surgeon in June 1997, who, after reading an MRI, diagnosed a disc injury predominantly in the C5-6 region. We agree with the court that, prior to June 1997, respondent reasonably believed that she had not sustained a "serious injury" (Insurance Law § 5102 [d]). After learning of the seriousness of her injury, respondent promptly

commenced an action against the tortfeasor and placed petitioner on notice of a potential SUM claim on July 17, 1997. We conclude that, under those circumstances, notice was given "as soon as practicable". (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Arbitration.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.