■ In the Matter of the Arbitration between NATIONWIDE INSURANCE ENTERPRISE, Respondent, and COLLEEN LEAVY, Appellant. [700 NYS2d 582] —Graffeo, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered August 4, 1999 in Albany County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In February 1997 respondent sustained an ankle injury in a motor vehicle accident. Shortly after the accident, respondent filed a no-fault accident claim with petitioner, her insurance carrier. Although respondent was initially diagnosed with an ankle contusion, during a subsequent visit to her orthopedist on June 11, 1997 a right ankle fracture was detected. Respondent consulted with a second doctor on June 25, 1997 who confirmed that she had sustained a fracture. On August 11, 1997 respondent underwent arthroscopic surgery and, in early September 1997, she retained an attorney.

Counsel for respondent claims that he made several unsuccessful attempts to contact the driver and the owner of the

other vehicle involved in the accident. Although he was aware of the identity of the driver from information set forth in the police accident report, the report did not state the owner's identity. Thus, respondent alleges that she was unable to obtain the coverage limits of the applicable insurance policy. Nevertheless, in November 1997 respondent's counsel wrote to petitioner with respect to a potential supplemental uninsured motorist (hereinafter SUM) claim in the event that the owner of the other vehicle was underinsured or uninsured. After the driver of the other automobile involved in the accident finally replied to respondent's inquiries in December 1997, the owner's identity was revealed, along with the limits of the insurance policy. Petitioner denied the claim on December 8, 1997 on the ground that it was untimely.

After respondent made a written request for SUM arbitration in April 1998, petitioner commenced this proceeding seeking a permanent stay of arbitration. Supreme Court denied respondent's motions to dismiss the petition and compel arbitration, and granted petitioner's application to permanently stay arbitration. Respondent now appeals.

Where, as here, an insurance policy requires that notice of a SUM claim must be provided "as soon as practicable", notice must be provided within a reasonable period of time after the insured, in light of all the circumstances (see, *Matan v Nationwide Mut. Ins. Co.*, 243 AD2d 978), "knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Nationwide Ins. Co. [DiGioacchino]*, 93 NY2d 487, 495). If an unreasonable delay in the insured's notification to the insurer occurs, it must be established that a reasonable excuse exists or that due diligence was exercised (see, *Matter of Allstate Ins. Co. [Dewyea]*, 245 AD2d 667; *Matter of Nationwide Mut. Ins. Co. [Fennimore]*, 201 AD2d 979, lv denied 83 NY2d 755).

The record reveals that respondent was initially diagnosed with a relatively minor injury which required surgery in August 1997. A few weeks after her surgery, respondent retained an attorney whose efforts to discover the extent of the tortfeasor's insurance coverage were frustrated due to the fact that he was unable to ascertain the vehicle owner's identity. Notably, respondent's counsel notified petitioner in writing of the potential underinsurance claim even before he was able to discover that the tortfeasor was underinsured. Since the extent of respondent's injuries were not apparent until June 1997 and the owner of the other car could not be located until December 1997 despite due diligence, we conclude that respondent has

presented a reasonable excuse for her failure to provide notice of her underinsurance claim until nine months after the accident (*see, Matter of Nationwide Ins. Co. [Brown—Young]*, 265 AD2d 918; *Matan v Nationwide Mut. Ins. Co., supra*, at 979; *Matter of Allstate Ins. Co. [White]*, 231 AD2d 950; *cf., Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669 [decided herewith]). Accordingly, under the particular circumstances of this case, the petition to stay arbitration should have been denied.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, petition to permanently stay arbitration dismissed and motion to compel arbitration granted.