■ EUGENE R. UNWIN, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [700 NYS2d 580] —Crew III, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered January 12, 1999 in Chemung County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In March 1994 plaintiff, while riding as a passenger in a motor vehicle insured by defendant, sustained personal injuries as the result of a collision with a motor vehicle operated by Richard Riker and insured by Nationwide Insurance Company.

Plaintiff sought medical care on the day after the accident and continued for a significant period of time to receive treatment for the injuries he sustained, with such treatment including a prolonged regimen of physical therapy. On September 13, 1995, plaintiff was referred to a neurosurgeon who ultimately performed spinal surgery on January 20, 1996. By letter dated February 5, 1996, plaintiff's attorney requested Nationwide to divulge its policy limits. Upon learning that the aforesaid policy limit was $50,000, plaintiff's attorney made a written claim to defendant for supplemental underinsurance motorists coverage. Defendant thereafter disclaimed coverage on the ground that it was not provided notice "as soon as practicable" as called for by its policy of insurance.

As a consequence of defendant's disclaimer, plaintiff commenced this declaratory judgment action seeking, *inter alia*, a declaration that plaintiff provided timely notice to defendant for underinsurance coverage. Defendant answered and, following discovery, moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment. Supreme Court, *inter alia*, granted defendant's motion and this appeal by plaintiff ensued.

It is now well established that "an insured must give his or her insurer notice of an underinsurance claim within the time specified in the insurance policy or within a reasonable time after the occurrence of the incident upon which the claim is based" (*Owen v Allstate Ins. Co.*, 250 AD2d 1018, 1019), and such notice is a condition precedent to coverage (*see, White v City of New York*, 81 NY2d 955, 957). Furthermore, where the policy requires that an insured give notice of his or her claim "as soon as practicable", the insured must give notice with "reasonable promptness after the insured knew or should reasonably have known [whichever occurs first] that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495). Clearly, one of the circumstances to be considered when determining reasonableness is the time within which an insured's injuries manifest themselves (*see, id.*, at 495).

Inasmuch as we have held that a delay of over one year in serving a written notice of claim for underinsurance coverage is unreasonable as a matter of law (*see, Matter of Nationwide Ins. Co. [De Rose]*, 241 AD2d 607, 608), it is clear that defendant made out a prima facie case for summary judgment upon proof that plaintiff's notice of claim was not given until approximately 23 months following the accident. Consequently, the burden shifted to plaintiff to tender sufficient admissible

evidence to raise a question of fact as to the reasonableness of the delay or, put another way, to demonstrate that plaintiff did not know or could not reasonably have known that Riker was underinsured until February 1996 (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra,* at 495). This plaintiff failed to do.

In opposition to defendant's motion for summary judgment and in support of his own motion, plaintiff offered his own affidavit in which he admits sustaining injuries in the automobile accident in question for which he sought medical treatment the day after. However, in a very conclusory manner, plaintiff asserts that such treatment was rendered "with the understanding that there were no significant problems and that [he] should recover from [his] 'soft tissue' injuries". The record makes plain that such treatment was not ameliorating plaintiff's condition, inasmuch as he was referred to a neurosurgeon in September 1995 and ultimately underwent a spinal fusion on January 20, 1996. Further, plaintiff failed to submit any evidence from which it could be determined that he was not reasonably aware of the severity of his condition until February 1996, at which time he undertook to determine the limits of liability of Riker's insurance policy. Accordingly, plaintiff failed to raise an issue of fact as to whether notice was given "as soon as practicable" based upon the circumstances and factors relevant to that determination and summary judgment was properly granted to defendant.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.