■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and BOYD L. EARL, Respondent and Third-Party Petitioner. STATE FARM INSURANCE COMPANY, Third-Party Respondent. [726 NYS2d 522] —Order and judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Respondent was injured on November 29, 1995 when the vehicle he was driving, which was owned by Cynthia M. Voit, collided with a vehicle owned by Madenna Brown (tortfeasor). At that time, respondent was insured by petitioner, Allstate Insurance Company (Allstate), with supplemental uninsured motorist (SUM) coverage of $50,000 per person and $100,000 per accident. Voit was insured by third-party respondent, State Farm Insurance Company (State Farm), with SUM coverage of $100,000 per person and $300,000 per accident. Both policies required that notice and proof of a SUM claim be provided "[a]s soon as practicable." It is undisputed that State Farm, as the insurance carrier covering a motor vehicle occupied by the injured person at the time of the accident, is the primary SUM insurer for respondent's claim (*see,* 11 NYCRR 60-2.3 [f], condition 8 [a]). It is further undisputed that, because State Farm's SUM coverage is greater than that provided by Allstate, respondent is precluded from collecting under the Allstate policy if he collects under the State Farm policy (*see,* 11 NYCRR 60-2.3 [f], conditions 7, 8).

On August 14, 1997, respondent sent a letter to the tortfeasor's insurance carrier, which was also Allstate, requesting the tortfeasor's bodily injury liability limits. In that letter, respondent placed Allstate on notice of a possible SUM claim, dependent upon the amount of the tortfeasor's liability limits. On November 9, 1998, respondent gave written notice of a SUM claim to State Farm. By letter dated December 17, 1998, State Farm disclaimed coverage on the ground that respondent did not provide State Farm with timely notice of the SUM claim. Respondent made a demand for arbitration with Allstate. Allstate then commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration and a determination that there is no SUM coverage available under its policy. Respondent filed a response to the petition and a third-party petition against State Farm. With respect to both Allstate and State Farm, respondent sought an order determining the "rights and obligations" of those insurers to provide him with SUM coverage. Supreme Court denied Allstate's petition and implicitly granted the third-party petition by determining that State Farm's denial of benefits was valid and that respondent was not entitled to recover any SUM benefits from State Farm. The court directed Allstate to proceed to arbitration on respondent's SUM claim to the extent of Allstate's remaining SUM coverage of $40,000. We conclude that there are issues of fact whether the delay of respondent in providing State Farm with notice of his SUM claim was reasonable, and whether State Farm's notice of disclaimer of liability was timely, and we therefore conclude that the order and judgment must be reversed and the matter remitted to Supreme Court for a hearing on those issues.

Allstate and respondent contend that respondent's notice to Allstate of the SUM claim on August 14, 1997 constituted notice to State Farm as well. We disagree. Although a copy of respondent's letter was sent to State Farm, the no-fault carrier, an insurer's actual notice of the accident does not vitiate the requirement that the insured provide timely notice of his or her claim for SUM benefits (see, Matter of Nationwide Mut. Ins. Co. v Wexler, 276 AD2d 490, 491; Ciaramella v State Farm Ins. Co., 273 AD2d 831, 832; Dixon v New York Cent. Mut. Fire Ins. Co., 265 AD2d 914, 915). In that letter, respondent requested the amount of the tortfeasor's bodily injury coverage "in order that I might evaluate whether it may be necessary to place *any other insurance carrier* on notice of a possible underinsurance claim" (emphasis added). That letter did not provide the requisite notice to State Farm.

The provision that notice be given "[a]s soon as practicable"

was a condition precedent to State Farm's liability (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 492). The phrase "as soon as practicable" in the underinsurance context requires that the "insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra,* at 495). Factors to consider include the seriousness and nature of the insured's injuries and the extent of the tortfeasor's coverage (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra,* at 493). "The burden of establishing a reasonable excuse for the delay is upon the insured" and, "[w]here there is a credible basis to support the reason for the delay, the issue of reasonableness becomes one of fact" (*Matter of Travelers Ins. Co. [DeLosh],* 249 AD2d 924, 925).

Respondent contends that the delay from the date of the accident until July 1997 was excusable because it was not until July 1997 that he realized the seriousness of his injury. Although respondent was seen in the emergency room on the day of the accident, he did not seek further treatment until July 1997. At that time, an MRI revealed a tear of the glenoid labrum, requiring surgery. We agree with respondent that it was not until July 1997 that respondent realized that he had sustained a serious injury within the meaning of the Insurance Law (*see, Matter of Nationwide Ins. Co. [Brown-Young],* 265 AD2d 918, 918-919; *Matter of Travelers Ins. Co. [DeLosh], supra,* at 925).

Respondent, however, did not provide State Farm with notice of the SUM claim until 16 months later. Respondent contends that the delay was excusable because he could not ascertain the liability limits of the tortfeasor. Respondent bears the burden of establishing that he acted with due diligence in ascertaining the insurance status of the other vehicle (*see, Matter of Nationwide Mut. Ins. Co. v Wexler, supra,* at 491). Here, although respondent requested the liability limits of the tortfeasor's insurance coverage through Allstate in August 1997, respondent did not obtain that information until he spoke with the tortfeasor's attorney in early November 1998. We conclude that there is an issue of fact whether respondent acted with due diligence in ascertaining the liability limits of the tortfeasor (*see, Matter of State Farm Mut. Auto. Ins. Co. [Hernandez],* 275 AD2d 989; *Matter of Travelers Ins. Co. [DeLosh], supra,* at 926).

Allstate further contends that State Farm's notice of disclaimer of liability based on late notice was untimely. An

insurer must give written notice of a disclaimer of liability " 'as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability' " (*Matter of Firemen's Fund Ins. Co. v Hopkins,* 88 NY2d 836, 837, *rearg denied* 88 NY2d 963, quoting *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951; *see,* Insurance Law § 3420 [d]). We conclude that there is an issue of fact whether State Farm's notice of disclaimer of liability, made approximately five weeks after it received notice of respondent's SUM claim, was timely (*see, Utica Fire Ins. Co. v Spagnolo,* 221 AD2d 921, 922).

We therefore reverse the order and judgment and remit the matter to Supreme Court for a hearing to determine whether the delay of respondent in providing State Farm with notice of his SUM claim was reasonable and, if not, whether State Farm's notice of disclaimer of liability based on the late notice of claim was timely. (Appeal from Order and Judgment of Supreme Court, Erie County, Whelan, J.—Arbitration.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.