■ CHERYL MEDINA, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. (Appeal No. 1.) [757 NYS2d 178] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered March 8, 2002, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was injured on March 10, 1998 when a vehicle crossed the center line of the roadway and struck another vehicle, which in turn struck the vehicle driven by plaintiff. Plaintiff was insured by defendant with supplemental

uninsured motorist (SUM) coverage of $100,000, and she notified defendant in June 2000 of her intention to seek SUM coverage. In appeal No. 1, defendant appeals from an order denying its motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment on the first and second causes of action, based on the court's determination that plaintiff provided defendant with timely notice of her SUM claim. In appeal No. 2, plaintiff appeals from an order granting the motion of defendant to reargue its prior motion and, upon reargument, granting that part of defendant's prior motion seeking summary judgment dismissing the third, fourth and fifth causes of action.

Supreme Court properly granted plaintiff's cross motion for summary judgment on the first and second causes of action. Plaintiff's policy with defendant provided that notice and proof of a SUM claim be provided "[a]s soon as practicable." In opposition to defendant's motion for summary judgment dismissing the complaint and in support of her cross motion, plaintiff asserted that she was initially diagnosed with a neck sprain and thereafter was required to undergo two arthroscopic surgeries on her shoulder. She eventually was diagnosed with a herniated disc in October 1998. Even then, however, her physicians expected that with physical therapy she would make a full recovery. She asserted that it was not until the spring of 2000 that her chiropractor told her that her condition had become chronic and that full recovery was unlikely. Nothing in defendant's opposing papers contradicted the plaintiff's rendition of the relevant medical events. On June 23, 2000, plaintiff notified defendant of her intention to pursue a SUM claim.

The provision that notice be given "[a]s soon as practicable" was a condition precedent to defendant's liability for SUM coverage (see Matter of Allstate Ins. Co. [Earl], 284 AD2d 1002, 1003 [2001]). "Although in theory most automobile accidents carry a potential claim for underinsurance benefits, it takes time, investigation and analysis to determine whether one will actually result. In the assessment a number of factors come into play, including the seriousness and nature of the insured's injuries * * *, the potential liability of multiple parties * * * and of course the extent of a tortfeasor's coverage * * *. Because these factors will vary from case to case, so too will the time at which an underinsurance claim becomes reasonably ascertainable" (Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487, 493 [1999]). "The burden of establishing a reasonable excuse for the delay is upon the insured" (Matter of Travelers Ins. Co. [DeLosh], 249 AD2d 924, 925 [1998]).

Here plaintiff established that the 27-month delay in notifying defendant of the SUM claim was reasonable and that she acted with due diligence in ascertaining the medical facts underlying her SUM claim. Thus, we affirm the order in appeal No. 1 that, inter alia, granted plaintiff's cross motion.

We agree with plaintiff's contention in appeal No. 2, however, that the court erred, upon reargument, in granting that part of defendant's motion seeking summary judgment dismissing the third, fourth and fifth causes of action. In opposition thereto, plaintiff established that summary judgment with respect to those causes of action is premature because further discovery is needed and the information sought is within defendant's control (see *Welsh v County of Albany,* 235 AD2d 820, 822 [1997]). The third and fourth causes of action alleging bad faith and breach of the duty of good faith and fair dealing and the fifth cause of action alleging the violation of General Business Law § 349 rest on the practices and procedures followed by defendant, and the facts relevant to those causes of action are in the sole possession and control of defendant. We therefore modify the order in appeal No. 2 by denying that part of defendant's motion seeking summary judgment dismissing the third, fourth and fifth causes of action and reinstating those causes of action. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.