■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and

MARK GALLO, Respondent. [759 NYS2d 412] —Appeal from an order of Supreme Court, Onondaga County (Paris, J.), entered July 19, 2002, which denied the petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Respondent was injured on January 5, 2001 when the vehicle in which he was a passenger collided with a vehicle operated by Karen M. Prievo (tortfeasor). Respondent was insured by petitioner with supplemental underinsured motorist (SUM) coverage of $100,000 per person and $300,000 per accident. On December 11, 2001, respondent learned that the tortfeasor's policy had limits of $50,000 per person and $100,000 per accident. By letter dated December 26, 2001, respondent informed petitioner of his intent to seek SUM coverage. Petitioner informed respondent that it was denying his claim as untimely. After respondent served a demand for arbitration, petitioner commenced this proceeding seeking a permanent stay of arbitration. Supreme Court erred in denying the petition without conducting a hearing to determine whether respondent acted with due diligence in ascertaining both the extent of his injuries and the liability limits of the tortfeasor's policy. Pursuant to the terms of his policy with petitioner, respondent was required to notify petitioner "as soon as practicable" of his intent to seek SUM coverage. Thus, respondent was required to "give notice with reasonable promptness after [he] knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495 [1999]). Because there is an issue of fact with respect to the timeliness of respondent's notice of intent to seek SUM coverage, we reverse the order and remit the matter to Supreme Court, Onondaga County, for a hearing on that issue (*see Matter of Allstate Ins. Co. [Earl],* 284 AD2d 1002, 1004-1005 [2001]). Present— Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.