■ BARBARA MURPHY, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [763 NYS2d 177] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 5, 2002 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

The issue in the current appeal is whether plaintiff provided timely notice to defendant of a claim under her supplementary uninsured motorist (hereinafter SUM) coverage. Plaintiff's accident occurred in June 1998 and she first notified defendant, her insurance carrier, of a SUM claim in September 1999. Defendant disclaimed coverage upon the ground that it had not been given notice "as soon as practicable" and, following a settlement of the action against the driver of the other vehicle involved in the accident for the limits of his policy, plaintiff commenced this declaratory judgment action. Defendant's motion for summary judgment was denied and this appeal ensued.

An insured must give notice of a SUM claim within a reasonable period of time after the insured knew, or should have known, there would be the need for such a claim (*see Matter of Nationwide Ins. Enter. [Leavy]*, 268 AD2d 661, 662 [2000]). "[T]he standard contemplates elasticity and a case-by-case inquiry as to whether the timeliness of the notice was reasonable, taking all of the circumstances into account" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 494 [1999]). Where a protracted delay in giving notice has occurred, the burden rests upon the insured to "tender sufficient admissible evidence to raise a question of fact as to the reasonableness of the delay" (*Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669, 670-671 [2000]).

Here, there is evidence in the record reflecting that plaintiff did not seek medical attention on the date of the accident. Within a few days, however, she began experiencing some physical problems, including tingling in her arm and a facial droop. She eventually sought medical attention and, in November 1998, an MRI revealed bone spurs with herniated discs at C4-5, C5-6 and C6-7. In her affidavit, plaintiff states that her medical providers did not, at that time, indicate that her problems were related to the accident. Plaintiff further states that she did not miss any time from work because of the accident until August 1999. A doctor who examined her in May 1999 opined that she had no disability. Plaintiff relates that her first contact with an attorney regarding the accident occurred in June 1999, and the visit was motivated by her concern that the no-fault carrier might stop payments for chiropractic care. In late August 1999, her condition reportedly deteriorated significantly resulting in her physician characterizing her as totally disabled. She commenced a lawsuit against the driver of the other vehicle on September 10, 1999 and three days later notified defendant of the SUM claim. We find the evidence sufficient to raise a factual issue as to whether, prior to August 1999, she was reasonably aware that she had sustained a "serious injury" that was causally related to the accident of June 1998. Accordingly, Supreme Court correctly denied defendant's motion for summary judgment (*see Medina v State Farm Mut. Auto. Ins. Co.*, 303 AD2d 987 [2003]; *Matter of Nationwide Ins. Enter. [Leavy], supra; Matter of Nationwide Ins. Co. [Brown-Young]*, 265 AD2d 918 [1999]).

Finally, we decline plaintiff's request that, despite the absence of a cross motion before Supreme Court or cross appeal here, we exercise our power to search the record and grant her summary judgment (*see Falsitta v Metropolitan Life Ins.*

*Co.*, 279 AD2d 879, 881 [2001]). Indeed, review of the record reveals conflicting evidence on key issues and, thus, summary judgment is not appropriate.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.