In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and SHANNON JACKSON, Respondent. [776 NYS2d 615]—

Crew III, J.P. Appeals (1) from an order of the Supreme Court (Clemente, J.), entered March 21, 2003 in Sullivan County, which, inter alia, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties, and (2) from an order of said court, entered September 23, 2003 in Sullivan County, which denied petitioner's motion for reconsideration.

On February 23, 2001 respondent, then 2½ months pregnant, was involved in a three-car accident in the Village of Monticello, Sullivan County. Following the accident, respondent was seen at the emergency room and, on February 26, 2001, she saw her OB-GYN complaining of pain in her neck and back radiating into her buttocks. In June 2001, respondent suffered a miscarriage. Thereafter, her neck and back pain continued to the extent that she retained an attorney in January 2002 to pursue a claim for the injuries that she sustained in the accident.

Following receipt of respondent's medical records and after ascertaining the insurance coverage of the offending automobile, respondent's attorneys, by letter dated May 30, 2002, advised petitioner, respondent's automobile insurer, that respondent would be making a claim for supplemental underinsured motorist coverage benefits. By letter dated June 6, 2002, petitioner denied coverage on the ground that, inter alia, respondent had not given notice "as soon as practicable" as required by her insurance policy. Consequently, respondent sought arbitration of her claim against petitioner.

Petitioner thereafter commenced this CPLR article 75

proceeding seeking a permanent stay of arbitration or, alternatively, a temporary stay pending discovery. Respondent cross-moved to dismiss petitioner's application and for an order compelling arbitration. Supreme Court denied petitioner's application for a permanent stay of arbitration, granted respondent's motion to compel arbitration and granted a temporary six-month stay of arbitration to permit petitioner to conduct discovery. Following such discovery, petitioner moved for reconsideration upon the ground that it had discovered new and additional proof initially not available to the court and that such evidence would warrant a permanent stay of arbitration. Supreme Court denied petitioner's motion, prompting these appeals.

Petitioner initially contends that respondent's 15-month delay in notifying petitioner of her claim for underinsured motorist coverage entitles petitioner to a permanent stay of arbitration. Although we have held that a delay of more than one year in providing such notice is unreasonable as a matter of law (*see e.g. Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669, 670 [2000]), we also have held that there may be circumstances that will excuse or explain such a delay (*see Murphy v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 689, 690 [2003]). In this regard, the burden is on the insured to establish the reasonableness of the underlying delay (*see id.* at 690).

In support of her motion to dismiss, respondent submitted a sworn affidavit wherein she averred that she did not seek any medical treatment for her injuries following the accident other than being peripherally monitored by her OB-GYN. By way of explanation, respondent stated that it was typical for pregnant women to experience back pain and that her physician could not discern whether it was her pregnancy or the accident that was producing such pain. Respondent further averred that following her miscarriage in June 2001, she went through a period of significant depression for several months, during which time she did not pursue any further treatment for her accident-related injuries.

In response to petitioner's claim that respondent should have been more diligent in determining whether she had a serious injury, Supreme Court found that "a proper diagnosis of respondent's medical condition, and its connection to the accident, was understandably clouded and delayed by the pregnancy. Respondent's reaction to the miscarriage was likewise understandable, and she resumed her efforts to diagnosis her condition a few months thereafter, in the fall of 2001." Accordingly, Supreme Court found the delay in notification to have

been reasonable and denied the request for a permanent stay of arbitration. We do not quarrel with Supreme Court's determination in that regard based upon the information presented to it at that time.

We reach a different conclusion, however, with regard to petitioner's motion for reconsideration. As a result of the discovery initiated by petitioner, it developed that respondent, upon consulting with her OB-GYN on February 26, 2001 concerning the injuries she sustained in the accident, was referred to Prem Gupta, a neurologist. Respondent first saw Gupta, who she would continue to see for the next eight months, on March 2, 2001, at which time he found respondent totally disabled to do any type of work because of the injuries sustained in the accident and referred her to Barry Scheinfeld, a physician specializing in physical medicine and rehabilitation. Respondent first saw Scheinfeld on April 20, 2001 and continued to see him on 11 other occasions through November 11, 2001. In this regard, the record reflects that respondent was actively engaged in physical therapy throughout the late summer and early fall of 2001 and underwent intermittent physical therapy through January 2002.

Inasmuch as respondent's actual treatment history differs dramatically from the history set forth in her sworn affidavit, we are of the view that Supreme Court should have granted petitioner's motion for reconsideration and, upon reconsideration, granted a permanent stay of arbitration. Based upon the facts developed during the course of discovery, respondent clearly did not demonstrate a reasonable excuse for her late notice, nor did she establish that she exercised due diligence in making a claim for supplemental underinsured motorist benefits.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the orders are reversed, on the law, without costs, motion for reconsideration granted and, upon reconsideration, grant petitioner's application for a stay of arbitration.