■ Cynthia A. Rekemeyer, Respondent, v State Farm Mutual Automobile Insurance Company, Appellant. [777 NYS2d 551]—

---

* Notably, plaintiffs' nontort claims, if any, would not be constrained by this limitation.

Crew III, J.P. Appeal from an order of the Supreme Court (Sheridan, J.), entered June 25, 2003 in Albany County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

On May 8, 1998, plaintiff was injured when the automobile she was driving was struck in the rear by an automobile operated by Sherwood Bouyea. Plaintiff's automobile was covered by a policy of insurance issued by defendant. On April 27, 1999, plaintiff commenced a personal injury action against Bouyea seeking $1,000,000 in damages and, on April 10, 2000, Bouyea's insurance carrier offered to settle plaintiff's claim for $50,000, the limit of its policy. In the interim, on or about March 31, 2000, plaintiff notified defendant of her intent to make a claim for supplemental underinsured motorist benefits pursuant to the terms of her automobile insurance policy. Defendant disclaimed liability by reason of lack of timely notice, prompting plaintiff to commence this action for declaratory judgment. Defendant thereafter moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on the issue of defendant's liability. Supreme Court, among other things, granted plaintiff's cross motion and defendant now appeals.

Plaintiff's policy of insurance required that she give written notice of a claim for underinsured motorist benefits "as soon as practicable," which obligated plaintiff to "give notice with reasonable promptness after [she] knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]) and that the tortfeasor's insurance coverage was insufficient to provide full compensation for her injuries (*id.* at 492). While reasonableness of notice must be determined on an ad hoc basis, a delay of more than one year has been held to be unreasonable as a matter of law (*see e.g. Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669, 670 [2000]; *Matter of Nationwide Ins. Co. [De Rose]*, 241 AD2d 607, 608 [1997]). Nevertheless, there may be circumstances that will excuse or explain such a delay, and the burden here is upon plaintiff to provide admissible evidence establishing such excuse or, at the very

least, sufficient to raise a question of fact as to the reasonableness of the delay (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Murphy v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 689, 690 [2003]).

As noted, plaintiff commenced a lawsuit against Bouyea in April 1999 seeking $1,000,000 in damages, which is, in and of itself, evidence of the perceived serious nature of her injuries (*see Matter of Nationwide Ins. Co. [De Rose], supra* at 608). Moreover, as early as July 1999, plaintiff asserted that she was suffering from severe and permanent injuries to her left arm and cervical spine, which included, among other things, a herniated paracentral disc "causing severe neck, left shoulder and arm pain with weakness and loss of mobility." The record also makes plain that plaintiff knew as of September 27, 1999 that Bouyea's automobile insurance policy provided less coverage than plaintiff's bodily injury liability coverage and, thus, Bouyea was underinsured. At that time, plaintiff knew or reasonably should have known that Bouyea's insurance was insufficient to provide full compensation for her injuries and yet she inexplicably waited six months before providing notice to defendant of her intent to make a claim for supplemental coverage. We find such notice to have been untimely and, thus, Supreme Court erred in granting her cross motion for summary judgment.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant's motion granted, plaintiff's cross motion denied, summary judgment awarded to defendant and complaint dismissed.