■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and SUE GUARINO et al., Appellants. [784 NYS2d 268]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered May 7, 2003. The order granted the application of petitioner for a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs and the application is denied.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75, seeking a permanent stay of arbitration of respondents' claim for supplementary uninsured motorist (SUM) benefits based on the failure of respondents to provide the requisite written notice of their claim "[a]s soon as practicable," in accordance with the automobile policy issued by petitioner to respondents. We previously reversed an order of Supreme Court (Joslin, J.) referring petitioner's application for a stay of arbitration to an arbitrator, and we remitted the matter to Supreme Court for a hearing to determine whether respondents provided timely notice (*Matter of New York Cent.*

*Mut. Fire Ins. Co. [Guarino],* 283 AD2d 982 [2001]). Respondents appeal from an order of Supreme Court (Fricano, J.) that, following the hearing, granted petitioner's application for a permanent stay of arbitration based on respondents' failure to provide timely notice. We reverse.

Respondent Sue Guarino (claimant) was injured in a rear-end motor vehicle accident on March 8, 1997. Although claimant immediately consulted with various medical providers for treatment of her back and neck injuries, all indications at the time were that claimant had not sustained a serious injury as defined by Insurance Law § 5102 (d). A report of an MRI performed in October 1997 recited that claimant had a "minimal right C5-6 disc bulge causing no apparent compromise" to the nerve and that claimant's cervical spine was "otherwise normal." Moreover, according to the report of a neurologist who performed an independent medical evaluation (IME) of claimant on March 17, 1998 on behalf of petitioner, claimant did not sustain a herniated disc in her neck or a cervical radiculopathy as a result of the accident. Instead, the IME physician concluded that claimant had sustained only cervical and lumbar strains, which are "soft tissue injuries [that] would be expected to heal in a matter of weeks to months," and in any event the IME physician could not "clearly relate her ongoing discomforts to the motor vehicle accident." On the basis of that IME report, petitioner in March 1998 denied claimant's application for no-fault benefits. We note that it is both inconsistent and inequitable, in light of that denial of no-fault benefits, for petitioner now to contend that claimant was then on notice that she had a viable claim for SUM benefits.

The record establishes that it was not until mid-July 1998, at the earliest, that claimant was on notice that she had sustained a serious injury as a result of the accident. At that time, claimant received the report of her orthopedic surgeon, who indicated that the October 1997 MRI might have been misread and might in fact show a disc herniation at C5-6. Claimant was referred for another MRI that, according to a second report of the surgeon issued one month later, showed "a right-sided paracentral herniation at C5-6 with extrusion" as well as a "bulging of the annulus fibrosis at L5-S1 . . . [that] may be due to an annular tear." Within six weeks of the issuance of that second report, respondents gave petitioner written notice of the SUM claim.

Based on the foregoing, we conclude that the court erred in determining that respondents did not give timely notice of the claim and in granting petitioner's application to stay arbitration

on that ground. We conclude that claimant acted with due diligence in ascertaining the medical facts underlying her SUM claim, and that respondents established that the overall 19-month delay in notifying petitioner of the SUM claim was reasonable (see Medina v State Farm Mut. Auto. Ins. Co., 303 AD2d 987, 988-989 [2003]; Matter of Nationwide Ins. Co. [Bellreng], 288 AD2d 925 [2001]; Matter of Allstate Ins. Co. [Earl], 284 AD2d 1002, 1004 [2001]; Matter of Nationwide Ins. Enter. [Leavy], 268 AD2d 661, 662-663 [2000]; see also Matter of Travelers Ins. Co. [DeLosh], 249 AD2d 924, 925-926 [1998]). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.