■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and DAVID BETT, Appellant. [784 NYS2d 455]—Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 14, 2003. The order granted the petition for a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs for reasons stated in decision at Supreme Court.

All concur except Gorski, J., who dissents and votes to reverse in accordance with the following memorandum.

Gorski, J. (dissenting). I respectfully disagree with the position taken by the majority. I conclude that it was error to grant the petition to stay arbitration of this insurance dispute.

In its decision, Supreme Court acknowledged that, on January 3, 2002, respondent, a pedestrian, was struck by an unidentified car driven by an unidentified driver and sustained personal injuries. The court also acknowledged that petitioner issued a motor vehicle liability policy with a supplementary uninsured

motorists (SUM) endorsement to respondent that was in effect on January 3, 2002. The court concluded that respondent's November 6, 2002 notice to petitioner that respondent intended to seek SUM benefits under his policy was untimely.

It is apparent from the record, however, that, on January 10, 2002, just one week after the accident, respondent gave a recorded statement to an independent insurance adjusting company at petitioner's request. That recorded statement was reduced to a written transcript and signed by respondent on January 21, 2002. It indicated that the vehicle that struck him could not be identified because it left the scene. The statement also indicated that respondent did not see the vehicle that struck him and could not identify the make or model of the vehicle because he was struck from behind. The statement further set forth the extent and nature of the injuries suffered by respondent. It is undisputed that respondent timely submitted a claim for no-fault benefits to petitioner.

By letter dated November 6, 2002, respondent's attorney placed petitioner on notice of a potential SUM claim. On November 19, petitioner denied SUM coverage on the ground of late notice. On December 12, petitioner received a demand for arbitration, and subsequently brought the instant petition to stay the arbitration. As noted above, the court granted the petition and permanently stayed the arbitration, holding that respondent failed to timely notify petitioner of his claim for SUM benefits under his policy. The court determined that respondent did not give notice of his SUM claim "as soon as practicable," a condition of SUM coverage set forth in the policy.

Respondent, who suffered a fractured arm that required surgery, received no-fault benefits from petitioner. He could only have received those benefits pursuant to Insurance Law § 5103 (a) (2), which requires insurers to provide coverage to their policyholders "for loss arising out of the use or operation of . . . an uninsured motor vehicle."

I therefore believe that the requirement that respondent provide his insurer with notice of his claim "as soon as practicable" was met by the recorded statement given to the insurer one week after the accident, fully detailing the claim. "Construing the notice liberally in [respondent's] favor, [respondent] provided [his] insurer with sufficient notice of a claim for uninsured motorist coverage" (*Matter of Merchants Mut. Ins. Co. v Falisi*, 99 NY2d 568, 569 [2003], *rearg denied* 100 NY2d 535 [2003]). I believe that it is "inconsistent and inequitable" for petitioner to contend that it did not have timely notice of respondent's claim for SUM benefits after petitioner took a rec-

orded, signed statement of respondent 10 months earlier containing all of the essential elements of such claim (*Matter of New York Cent. Mut. Fire Ins. Co. [Guarino]*, 11 AD3d 909, 910 [2004]).

I would therefore reverse the order and deny the petition. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.