■ In the Matter of Progressive Northern Insurance Company, Appellant, v George Sachs, Respondent. [856 NYS2d 633]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated September 10, 2007, which denied the petition.

Ordered that the order is affirmed, with costs.

On May 25, 2002 the respondent George Sachs was riding his

motorcycle when he and another motorcyclist were involved in an accident with an automobile. He subsequently informed his insurer, the petitioner Progressive Northern Insurance Company, of the accident and also that he was not making a claim under the collision damages portion of his insurance policy. Moreover, since Insurance Law § 5102 (f) expressly excludes motorcycles from the definition of "motor vehicle," and insurance policies covering motorcycles consequently do not provide first-party benefits for any medical expenses and lost wages incurred by an operator of a covered motorcycle who is injured while operating it, Sachs did not make any claim for first-party benefits.

On May 17, 2005 Sachs allegedly commenced an action against the driver and owner of the automobile to recover damages for his injuries and for the damage to his motorcycle. In February 2007 Sachs allegedly discovered that his injuries were more severe than originally diagnosed, and had surgery in an attempt to repair them.

Thereafter, Sachs notified the petitioner of his intent to make a claim under the supplementary underinsured motorists (hereinafter SUM) provision of his policy. After there had been some communication between Sachs's counsel and the petitioner's representatives, Sachs's counsel was notified that the petitioner was going to deny the claim. In response, Sachs's counsel served a demand for arbitration.

The petitioner then commenced this proceeding to permanently stay the arbitration. The petitioner alleged that the arbitration should be stayed, inter alia, by virtue of Sachs's failure to comply with a condition precedent of the policy requiring notification as soon as practicable after a loss. In opposition thereto, Sachs's counsel asserted that any delay by Sachs was excusable, since he did not learn of the seriousness of his injuries until February 2007, a mere two months prior to notifying the petitioner of his claim.

The Supreme Court denied the petition based on the petitioner's failure to demonstrate that it was prejudiced. We affirm, but for a reason different from that relied upon by the Supreme Court.

It is undisputed that Sachs did not notify the petitioner until April 2007 that he was making a SUM claim in connection with his injuries arising from the May 2002 accident. This was sufficient to make out the petitioner's prima facie case entitling it to disclaim coverage and for a permanent stay of arbitration (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 427 [2006]; *Matter of First Cent. Ins. Co.*, 3 AD3d 494 [2004]). In response,

the uncontroverted affirmation of Sachs's attorney, to the effect that Sachs was unaware of the seriousness of his injuries until early in 2007, was sufficient to show, as a matter of law, the existence of a valid excuse for that delay (*see generally Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 493-495 [1999]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031-1032 [2007]; *cf. Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129 [1957]; *Matter of Nationwide Mut. Ins. Co. v DiGregorio*, 294 AD2d 579 [2002]).

In light of this determination, we need not reach the parties' remaining contentions. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.