■ In the Matter of TRI-STATE CONSUMER INSURANCE COMPANY, Appellant, v DANIEL FURBOTER, Respondent. [896 NYS2d 130]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered April 13, 2009, which denied the petition and dismissed the proceeding on the merits.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court properly denied its petition to permanently stay the arbitration of the respondent's underinsured motorist benefits claim on the ground of late notice. In determining whether notice was given in a timely fashion, the court must consider the particular circumstances of the case, including, inter alia, the latency, nature, and seriousness of the insured's injuries (see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487, 493 [1999]; Matter of Progressive Northeastern Ins. Co. v McBride, 65 AD3d 632, 633 [2009]). In the instant case, the uncontroverted affidavit and medical records of the respondent demonstrated that his delay of some 16 months in notifying the petitioner of his claim for underinsurance benefits was attributable to the belief of his various treating physicians that his injuries were relatively minor and would resolve with treatment. Moreover, the respondent gave notice promptly after he was made aware of the worsening and permanent nature of his injuries (see Matter of Progressive N. Ins. Co. v Sachs, 50 AD3d 803, 804-805 [2008]; Matter of New York Cent. Mut. Fire Ins. Co. [Guarino], 11 AD3d 909, 911 [2004]; Medina v State Farm Mut. Auto. Ins. Co., 303 AD2d 987 [2003]; Matter of Nationwide Ins. Co. [Bellreng], 288 AD2d 925 [2001]; Matter of Nationwide Ins. Enter. [Leavy], 268 AD2d 661, 662-663 [2000]). Accordingly, the respondent complied with his obligation to give notice "[a]s soon as practicable" under the policy. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.