■ In the Matter of TRAVCO INSURANCE COMPANY, Appellant, v JOANN SCHWARTZ et al., Respondents, et al., Respondents. [921 NYS2d 527]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the petitioner appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Rockland County (Garvey, J.), entered February 22, 2010, as denied those branches of its petition which were to permanently stay arbitration or to temporarily stay arbitration proceedings pending a hearing to determine whether the claimants provided timely notice of their claims to the petitioner, and (2) so much of an order of the same court entered July 8, 2010, as denied that branch of its motion which was for leave to renew those branches of its petition which were to permanently stay arbitration or to temporarily stay arbitration proceedings pending a hearing to determine whether the claimants provided timely notice of their claims to the petitioner.

Ordered that the appeal from so much of the order entered February 22, 2010, as denied that branch of the petition which was to temporarily stay arbitration proceedings pending a hearing is dismissed as academic in light of our determination of the appeal from so much of the order entered July 8, 2010, as denied that branch of its motion which was for leave to renew that branch of the petition; and it is further,

Ordered that the order entered February 22, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered July 8, 2010, is modified, on the law, by deleting the provision thereof denying that branch of the petitioner's motion which was for leave to renew that branch of its petition which was to temporarily stay arbitration proceedings pending a hearing to determine whether the claimants provided timely notice of their claims to the petitioner, and substituting therefor a provision granting that branch of the motion, and upon renewal, granting that branch of the petition which was to temporarily stay arbitration proceedings pending a hearing to determine whether the claimants provided timely notice of their claims to the petitioner; as so modified, the order entered July 8, 2010, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

In the first instance, the Supreme Court properly denied those branches of the petition which were to permanently stay arbitration of the claim of the respondents Joann Schwartz and Maurice Schwartz (hereinafter together the respondents) for supplemental underinsured motorists benefits or to temporarily

stay arbitration proceedings pending a hearing to determine whether the respondents provided timely notice of their claims to the petitioner. Contrary to the petitioner's contention, the respondents met their burden of establishing that they complied with their obligation under the policy to give the petitioner notice of the claim "[a]s soon as practicable" by submitting the uncontroverted affirmation of their counsel stating that the respondents were unaware of the seriousness of their injuries before November 19, 2007, when the respondent Joann Schwartz underwent knee surgery (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 492 [1999]; *Matter of Tri-State Consumer Ins. Co. v Furboter*, 71 AD3d 682 [2010]; *Matter of Progressive N. Ins. Co. v Sachs*, 50 AD3d 803, 804 [2008]).

However, in support of its motion, inter alia, for leave to renew, the petitioner submitted medical records, obtained from the respondents through discovery after the first order was entered, which raised a triable issue of fact regarding whether the respondents knew or should have known of the severity of seriousness of the their injuries at an earlier date, and thus, whether the respondents' notice was indeed timely (*see* CPLR 2221 [e]; *Matter of Continental Ins. Co. v Marshall*, 12 AD3d 508 [2004]; *Matter of Blue Ridge Ins. Co. v Cook*, 301 AD2d 598, 599 [2003]; *Matter of Nationwide Mut. Ins. Co. v DiGregorio*, 294 AD2d 579, 580-581 [2002]). Accordingly, the Supreme Court should have granted that branch of the petitioner's motion which was for leave to renew that branch of the petition which was to temporarily stay arbitration pending a hearing to determine whether the claimants provided timely notice of their claims to the petitioner, and upon renewal, granted that branch of the petition. Accordingly, the matter must be remitted to the Supreme Court, Rockland County, for a hearing to determine whether the respondents provided timely notice of their claims. Balkin, J.P., Eng, Belen and Lott, JJ., concur.